## HARROD's ADMR. et al. *v.* QUIRE's ADMR.

**Sale of Land — Title Bond — Resale by Vendee to Vendor by Parol Agreement — Specific Performance — Statutes of Fraud.**

Quire sold to Harrod a tract of land and executed his title bond, agreeing to convey the legal title when the purchase money was paid.

Harrod sold back to Quire a part of the same land at a stipulated price per acre to be credited on Harrod's purchase-money note. Quire took possession of the land resold to him and improved it. In a suit to enforce the collection of the purchase-money lien on the land first sold, this court *held,* that a resale and delivery of the possession was a sufficient consideration to uphold the agreement to give a credit therefor, and where the legal title is in the vendor, and a resale is made to him by the vendee, in parole, and possession delivered and this is used as a defense to his suit seeking specific execution, it is clearly not within the statutes, and should be allowed.

APPEAL FROM FRANKLIN CIRCUIT COURT.

June 21, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Quire sold to Harrod a tract of land on a credit and gave his title bond to make the deed on full payment; afterward it was agreed that Quire should repurchase a designated part of the land at $10 per acre, and should give Harrod a credit for the same on the notes executed by him for the entire tract.

Both parties superintended the surveying of the fractional part of the tract and ascertained its exact quantity. Quire, by his son-in-law, took possession of it; the son-in-law built on it a dwelling and made other improvements, and actually resided on and controlled it, Quire's object in repurchasing being to settle his son-in-law on it and thereby furnish him a house. Quire, after

this quantity was ascertained and his son-in-law had taken possession, acknowledged that a credit on Harrod's notes was to be entered for this land at the rate of $10 per acre; no credit, however, was entered, and no memorandum in writing as to this resale was made.

Quire became a lunatic and died; Harrod also died.' Quire, committed whilst he was a lunatic, brought suit to enforce the lien for the unpaid purchase money, and after his death the committee became his administrator and filed an amended petition setting out the facts and prayed as in the original. Harrod's administratrix answered, making it also a cross-petition, setting out the resale by her intestate to Quire, and asking that a credit for the value of the land be directed, etc. Issue was taken thereon.

The court adjudged that Harrod's administratrix should pay the entire debt, ignoring a resale of this land, and adjudging that a sale of the entire tract or so much as might be necessary be sold to pay the debts, from which Harrod's administratrix and heirs appeal.

The resale and delivery of the possession of the land was a sufficient consideration to uphold the agreement to enter a credit therefor; the legal title was still in Quire and his heirs. The petition to subject the land to the payment of the unpaid purchase price was substantially a suit for a specific execution of the contract. Harrod's administratrix does not offer to contradict the written obligation but sets up as a partial defense and credit another and subsequent parol contract founded on valuable consideration.

The question is very different from what would have been presented had Harrod's administratrix and heirs filed a petition for the conveyance of the title to the Whale tract, and Quire's administrator and heirs had resisted it because of this subsequent parol contract, and this would be very different from the question which would grow out of a suit by a parol vendee to force the legal title from his vendor. The latter would clearly be within the operation of the statutes relative to parol contracts for land.

But where the legal title is in the vendor, and a resale is made to him by the vendee in parol, and possession is delivered, and this is used not to charge the vendor by suit but as a defense to his suit seeking a specific execution, it is clearly not within the letter, spirit, or policy of the statute, and should be allowed. A specific execution of the original contract so far as not modified

or discharged by a subsequent contract founded upon a new and sufficient consideration should be adjudged, and to this and the remainder of the purchase price after allowing the credit as agreed by this subsequent contract should be ascertained, and a sale of so much of the land as will be sufficient, which had not been resold, should be adjudged, and only a title of that part of the land not resold by Harrod to Quire should be adjudged either to the purchaser or heirs of Harrod. The judgment should be to convey to the purchaser the legal title to so much of the land as may be sold to satisfy the unpaid purchase price, and their legal title of all that remains which is not embraced in the resale of Harrod to Quire should be adjudged to Harrod's heirs-at-law, and a proper conveyance secured. Thus the entire contract will be specifically executed by the resale and its recognition and the sale and conveyances here directed, and the statutes not violated.

Quire's son-in-law was called by the defendants to testify against the interest of his father-in-law's estate and is not incompetent, for that reason, nor is he incompetent because he claims a parol gift. His rights are not adjudicated in this action, nor is he interested in securing defendant's claim; his claim for improvements would be the same whether the one or other might succeed.

The judgment is erroneous and is, therefore, reversed.

*Lindsey, for appellant.*

*Harlan, for appellee.*